# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FAYETTE COUNTY, TENNESSEE; and THE FAYETTE COUNTY BOARD OF COUNTY COMMISSIONERS,

    Defendants.

No. 2:25-cv-02047-MSN-cgc

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO THE UNITED STATES OF AMERICA'S COMPLAINT

Defendant Fayette County, Tennessee ("Fayette County"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff United States of America as follows[1]:

## PRELIMINARY STATEMENT

Plaintiff United States of America's Complaint names the Fayette County Board of County Commissioners as a Defendant. However, the Fayette County Board of County Commissioners is not a separate entity, nor can it be sued in any capacity.

## PREAMBLE

1. This paragraph contains assertions of law that do not require a response. Defendant denies each and every allegation and innuendo of Paragraph 1.

---

[1] The headings contained in the Complaint are reproduced here for clarity. Fayette County denies any allegations or characterizations in headings and preamble of the Complaint. Any and all allegations not expressly and specifically admitted in this Answer are denied. The paragraphs here are numbered to correspond with the Complaint paragraphs to which they respond.

2. This paragraph contains assertions of law that do not require a response. Defendant denies each and every allegation and innuendo of Paragraph 2.

3. The referenced election results and U.S. Census data speak for themselves. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 3, and on that basis denies them.

4. Defendant denies each and every allegation and innuendo of Paragraph 4.

5. Defendant admits that the United States filed this action pursuant to Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 52 U.S.C. §§ 10301 and 10308(d).

6. The allegations of Paragraph 6 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 6.

## JURISDICTION AND VENUE

7. The allegations of Paragraph 7 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 7.

8. The allegations of Paragraph 8 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 8.

## PARTIES

9. The allegations of Paragraph 9 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 9.

10. Defendant admits that Fayette County is a political and geographical subdivision of the State of Tennessee.

11. Defendant admits the allegations in Paragraph 11.

**ALLEGATIONS**

12. The referenced U.S. Census data speaks for itself. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 12, and on that basis denies them.

13. The referenced U.S. Census data speaks for itself. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 13, and on that basis denies them.

14. The referenced U.S. Census data speaks for itself. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 14, and on that basis denies them.

15. Admitted. Defendant denies that it violated Section 2 of the Voting Rights Act in any manner.

16. Admitted. Defendant denies that it violated Section 2 of the Voting Rights Act in any manner.

**The 2021 Redistricting Process**

17. Defendant denies each and every allegation and innuendo of Paragraph 17.

18. Defendant admits that the Redistricting Committee was tasked with the presentation of potential redistricting plans and was composed of five members, including "the Mayor, the Administrator of Elections, a County Commissioner, a school board member, and a

community member." Defendant further admits that four members of the Committee were white and one Committee member was Black. Defendant denies the remaining allegations as stated.

19. Admitted.

20. What was published in *The Fayette Falcon* speaks for itself. Defendant admits that the 19 Districts Map was introduced. Defendant denies that the remaining allegations provide a complete and accurate depiction of each individual's statements at the Redistricting Committee's meeting. As a result, Defendant denies the remaining allegations.

21. Any maps that were introduced at the referenced meeting speak for themselves. Defendant denies the remaining allegations.

22. The record of the October 12, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 22, and on that basis denies them.

23. The record of the October 14, 2021 meeting speaks for itself. Defendant denies that the remaining allegations provide a complete and accurate depiction of each individual's statements at the Joint Commission Committee's meeting. As a result, Defendant denies the remaining allegations.

24. The record of the October 14, 2021 meeting speaks for itself. Defendant denies that the remaining allegations provide a complete and accurate depiction of each individual's statements at the Joint Commission Committee's meeting. As a result, Defendant denies the remaining allegations.

25. The record of the October 14, 2021 meeting speaks for itself. Defendant denies that the quoted statement accurately and/or wholly depicts the member's statement and, therefore, denies this allegation.

26. The record of the October 14, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 26, and on that basis denies them.

27. The allegations of Paragraph 27 state a legal interpretation and/or conclusion, to which no response is required. Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

28. The record of the October 25, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 28, and on that basis denies them.

29. Defendant admits that it hired John Ryder but denies every other allegation in Paragraph 29.

30. Defendant admits that Mr. Ryan gave advice but denies that the allegations provide a complete and accurate depiction of said advice and therefore denies these remaining allegations.

31. Defendant admits that on November 2, 2021, Mr. Hill of the Tennessee Comptroller's Office presented potential maps to the Redistricting Committee. The record of the November 2, 2021 meeting and maps presented speak for themselves. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 31, and on that basis denies them.

32. The record of the November 2, 2021 meeting speaks for itself.

33. The record of the November 2, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 33, and on that basis denies them.

34. The record of the November 2, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 34, and on that basis denies them.

35. The record of the November 16, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 35, and on that basis denies them.

36. Defendant denies each and every allegation and innuendo of Paragraph 36.

37. The record of the November 16, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant admits that Mr. Swatley gave advice but denies that the allegations provide a complete and accurate depiction of said advice and therefore denies the allegations.

38. The record of the November 16, 2021 meeting speaks for itself. Defendant denies the other allegations and innuendos in Paragraph 38.

39. What was published in *The Fayette Falcon* speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 39, and on that basis denies them.

40. What was published in *The Fayette Falcon* speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 40, and on that basis denies them.

41. The record of the December 14, 2021 meeting speaks for itself. Defendant admits that the 3 maps were introduced for further discussion. Defendant denies the remaining allegations as to inferences or descriptions.

42. The record of the December 14, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 42, and on that basis denies them.

43. The record of the December 14, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant admits the remaining allegations in Paragraph 43.

44. The record of the December 14, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant admits that Mr. Ryan gave advice but denies that the allegations provide a complete and accurate depiction of said advice and therefore denies the allegations.

45. The record of the December 14, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant admits the allegations in Paragraph 45.

46. The record of the December 14, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant denies the remaining allegations in Paragraph 46.

47. The record of the December 14, 2021 meeting speaks for itself. To the extent a further response is needed, Defendant admits that Mr. Ryan gave advice but denies that the allegations provide a complete and accurate depiction of said advice and therefore denies the allegations.

48. Defendant denies each and every allegation and innuendo of Paragraph 48.

49. The referenced U.S. Census data speaks for itself. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 49, and on that basis denies them.

50. The allegations of Paragraph 50 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 50, and on that basis denies them.

51. Defendant denies each and every allegation and innuendo of Paragraph 51.

52. The allegations of Paragraph 52 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 52.

53. The referenced U.S. Census data speaks for itself. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 53, and on that basis denies them.

54. The public record of the referenced actions speak for themselves. To the extent a further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 54, and on that basis denies them.

55. Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 55, and on that basis denies them.

56. The allegations of Paragraph 56 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 56.

57. The allegations of Paragraph 57 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 57, and on that basis denies them.

58. The allegations of Paragraph 58 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 58.

59. The allegations of Paragraph 59 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 59.

60. The allegations of Paragraph 60 state a legal conclusion, to which no response is required.

61. Defendant denies each and every allegation and innuendo of Paragraph 61.

62. The allegations of Paragraph 62 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 62, and on that basis denies them.

63. The allegations of Paragraph 63 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 63, and on that basis denies them.

64. The allegations of Paragraph 64 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 64, and on that basis denies them.

65. The referenced U.S. Census data speaks for itself. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 65, and on that basis denies them.

66. The referenced U.S. Census data speaks for itself. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 66, and on that basis denies them.

67. The referenced U.S. Census data speaks for itself. To the extent further response is needed, Defendant lacks sufficient knowledge or information to form a belief of the truth as to the allegations of Paragraph 67, and on that basis denies them.

68. The allegations of Paragraph 68 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 68.

69. The allegations of Paragraph 69 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 69.

70. The allegations of Paragraph 70 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 70.

71. Defendant denies each and every allegation and innuendo of Paragraph 71.

72. Defendant denies each and every allegation and innuendo of Paragraph 72.

## CAUSES OF ACTION

### COUNT I
*Intentional Racial Discrimination in Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301*

73. For its answer to Paragraph 73, Defendant incorporates by reference its answer to each of the preceding paragraphs as though fully set forth herein.

74. The allegations of Paragraph 74 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 74.

75. Defendant states that the allegations and innuendo of Paragraph 75 are legal conclusions to which no response is required. To the extent a response is required, Defendant states that it complied with any and all duties imposed by law, and denies each and every remaining allegation and innuendo of Paragraph 75.

## COUNT II
### *Discriminatory Results in Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301*

76. For its answer to Paragraph 76, Defendant incorporates by reference its answer to each of the preceding paragraphs as though fully set forth herein.

77. The allegations of Paragraph 77 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation and innuendo of Paragraph 77.

78. Defendant states that the allegations and innuendo of Paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, Defendant states that it complied with any and all duties imposed by law, and denies each and every remaining allegation and innuendo of Paragraph 78.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff United States of America is entitled to any of the relief requested and prays that the relief requested be DENIED.

# AFFIRMATIVE DEFENSES

1. <u>Nonjusticiable Political Question</u>. Plaintiff's claims are barred because they raise nonjusticiable political questions. The consideration of party affiliation in redistricting is not actionable before the Court.

2. <u>Plaintiffs request an unconstitutional racial gerrymander</u>. The relief sought by Plaintiff would result in an unconstitutional racial gerrymander and therefore cannot be granted.

3. <u>Not a violation</u>.

   a. The maps were drawn without consideration of race. Not considering race in a redistricting plan is not a violation of any of the claims herein.

   b. Any alleged vote dilution is not on account of race or color, and is not a violation of any of the claims herein.

   c. Defendant did not "crack" or "pack" voters based on race in the redistricting plan.

   d. Defendant did not intend to discriminate with the adoption of the new map.

4. <u>Unconstitutional</u>.

   a. Plaintiff's proposed remedies amount to an unconstitutional racial gerrymander.

   b. Plaintiff's proposed remedies violate the one-person, one-vote rule.

   c. Plaintiff's proposed remedies are inconsistent with traditional districting criteria.

   d. To the extent Section 2 is held to require the plan to be redrawn with consideration of race, or without respect to traditional districting criteria, Section 2 is unconstitutional.

   e. To the extent Section 2 is held to permit a finding of liability without proof of intentional discrimination, Section 2 is unconstitutional.

   f. To the extent Section 2 is held to require a court to assume that polarized voting is evidence of racial bias, Section 2 is unconstitutional.

g. To the extent Section 2 is held to require a court to assume that a white voter's support of Republican candidates is evidence of racial bias, Section 2 is unconstitutional.

h. To the extent Section 2 recognizes the claim(s) asserted herein, or permits the relief sought, it is not proportional and congruent under the United States Constitution.

5. <u>No private right of action</u>. Section 2 of the VRA does not provide a private right of action.

6. <u>No Fifteenth Amendment intentional vote dilution claim</u>. There is no cause of action for intentional vote dilution under the Fifteenth Amendment.

7. <u>No *Gingles* Preconditions</u>. Plaintiff fail to satisfy the *Thornburg v. Gingles*, 478 U.S. 30 (1986) requirements of cohesion, compactness, and majority bloc voting (i. the minority group is sufficiently large and geographically compact to constitute a majority in a single-member district, ii. the minority group is politically cohesive, and iii. the majority votes sufficiently as a bloc so it can usually defeat the minority group's preferred candidate).

**PRAYER**

Defendant prays that the Court dismiss Plaintiff's claims in full. Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), upon prevailing, Defendant may recover its reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs. Defendant prays the Court award Defendant its reasonable attorney's fees, expert fees, and costs. Defendant prays for all other relief to which they are entitled.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By: s/James I. Pentecost
James I. Pentecost (#11640)
Haynes T. Russell (#036923)
Attorneys for Defendants
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
731-668-5995 (T)
731-668-7163 (F)
jpentecost@pgtfirm.com

Jason B. Torchinsky
**pro hac vice forthcoming*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
2300 N St. NW
Suite 645
Washington, DC 20037
202-737-8808
jtorchinsky@holtzmanvogel.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document (Answer) was served via US District Court ECF system upon:

| | |
|---|---|
| Sarah Pazar Williams | Tharuni A. Jayaraman |
| Assistant United States Attorney | Jacki L. Anderson |
| United States Attorney's Office | 950 Pennsylvania Avenue NW |
| 167 North Main Street, Ste. 800 | Washington, DC 20530 |
| Memphis, TN 38103 | |

on or before the filing date thereof.

DATE: This the 7th day of April, 2025.

By: s/James I. Pentecost
James I. Pentecost