IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-02047-MSN-cgc |
| | ) |
| FAYETTE COUNTY, TENNESSEE; | ) |
| and THE FAYETTE COUNTY BOARD | ) |
| OF COUNTY COMMISSIONERS, | ) |
| | ) |
| Defendants. | ) |

**REPORT OF THE PARTIES' PLANNING MEETING AND PROPOSED DISCOVERY PLAN**

1. The following persons participated in a Rule 26(f) conference on April 9, 2025, by Zoom.

    - Timothy Mellett, representing the Plaintiff
    - Jacki Anderson, representing the Plaintiff
    - Tharuni Jayaraman, representing the Plaintiff
    - Sarah Pazar Williams, representing the Plaintiff
    - Department of Justice staff
    - Jim Pentecost, representing the Defendants
    - Haynes Russell, representing the Defendants
    - Dallin Holt, representing the Defendants
    - Oliver Roberts, representing the Defendants

2. **Initial Disclosures.** The Parties will complete the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by May 8, 2025.

3. **Discovery Plan.** The Parties propose this discovery plan:

    (a) Discovery will be needed regarding the Plaintiff's claims and the Defendants' defenses and immunities.

    (b) Disclosure or discovery of electronically stored information should be handled as set forth in the Parties' Joint Stipulation and Order Regarding Discovery (Exhibit A to the Scheduling Order).

(a) The Parties have agreed to orders regarding claims of privilege or of claims of protection as trial-preparation asserted after production, as follows: Section II.D of the Parties' Joint Stipulation and Order Regarding Discovery (Exhibit A to the Scheduling Order) sets forth the Parties' agreement regarding privileged documents, things, and ESI, including privilege logs and redactions and the disclosure of privileged or protected information. The Standing Protective Order (Exhibit B to the Scheduling Order) sets forth the Parties' agreement regarding documents, things, and ESI that Parties designated as "Confidential" or "Confidential-Attorneys' Eyes Only."

(b) Discovery will be conducted in accordance with the schedule set forth in the Scheduling Order:

   i. Discovery shall commence after Initial Disclosures have been made.
   ii. September 9, 2025: Deadline for propounding requests for production, requests for admissions, and interrogatories.
   iii. October 24, 2025: Deadline for completing factual discovery, including fact depositions.
   iv. November 21, 2025: Deadline for all discovery.

(c) Unless further ordered by the Court: In accordance with Rule 33 of the Federal Rules of Civil Procedure, Interrogatories will be limited to a maximum of twenty-five (25) Interrogatories, including all discrete subparts, by each Party to any other Party. Answers and objections to an Interrogatory shall be served within thirty (30) days after service of the Interrogatory.

(d) Requests for Admissions shall be limited to a maximum of four hundred (400). In accordance with Rule 36 of the Federal Rules of Civil Procedure, a matter is admitted unless, within thirty (30) days after being served, the Party to whom the request is directed serves on the requesting Party a written answer or objection addressed to the matter and signed by the Party or its attorney.

(e) Depositions shall be limited to a maximum of fifty (50) depositions by Plaintiff and 50 (fifty) depositions by Defendants, unless leave is granted by the Court to exceed fifty (50) depositions per Party.

(f) Each deposition shall be limited to a maximum of seven (7) hours unless extended by agreement of the Parties or authorized by the Court.

(g) Reports of retained experts shall be served in accordance with the Scheduling Order:

   i. July 23, 2025: Deadline for disclosure of Plaintiff's Rule 26 expert information
   ii. September 22, 2025: Deadline for disclosure of Defendants' Rule 26 expert information

       iii. October 22, 2025: Deadline for supplemental expert information

  (h) In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, supplementation and corrections of disclosures and responses to requests for discovery shall be made in a timely manner after a Party learns that such supplementation or correction is required. In accordance with LR 26.1(d), all supplementation and correction must be completed no later than seventy (70) days after the close of discovery.

4. Other Items:

  (a) Meet with court. The Parties do not seek to meet with the Court before the April 24, 2025, Rule 16 scheduling conference.

  (b) Pretrial conference. The Parties request a pre-trial conference prior to trial and request that such conference be held on the date set forth in the Court's Scheduling Order.

  (c) Joinder of Additional Parties and Amendment to Pleadings.

     i. Deadline for Plaintiff or Defendants to file motions to join parties: May 5, 2025
     ii. Deadline for Plaintiff or Defendant to file motions to amend pleadings: May 12, 2025

  (d) Dispositive Motions. All potentially dispositive motions shall be filed by forty-five (45) days after the close of discovery.

  (e) Prospects for Settlement. Since no discovery in this matter has ensued, the prospect for settlement at this time is premature.

  (f) Alternative Dispute Resolution Procedures. The Parties understand the Court's Plan for Alternative Dispute Resolution ("ADR") and believe that ADR will enhance settlement prospects.

  (g) Final Witness & Exhibit Lists. Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented as deposition and exhibit lists will be submitted as set forth in the Court's Scheduling Order.

  (h) Final dates to file objections under Rule 26(a)(3). The deadline to file objections under Federal Rule of Civil Procedure 26(a)(3) is the date set forth in the Court's Scheduling Order.

  (i) Trial.

    i. Plaintiff's Proposal: The Plaintiff anticipates that a non-jury trial will last approximately nine (9) days beginning on the date set forth in the Court's Scheduling Order.
    ii. Defendants' Proposal: Defendants anticipate that a non-jury trial will last approximately five (5) days beginning on the date set forth in the Court's Scheduling Order.

| | |
|---|---|
| JOSEPH C. MURPHY, JR.<br>Interim United States Attorney<br>Western District Of Tennessee | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division<br><br>R. TAMAR HAGLER<br>Chief |
| /s/ *Sarah Pazar Williams*<br>SARAH PAZAR WILLIAMS (TN Bar No. 031261)<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District Of Tennessee<br>167 North Main Street, Suite 800<br>Memphis, Tennessee 38103<br>(901) 544-4231<br>sarah.williams2@usdoj.gov | /s/ *Tharuni Jayaraman*<br>TIMOTHY F. MELLETT (DC Bar No. 430968)*<br>JACKI ANDERSON (DC Bar No. 1531821)<br>THARUNI JAYARAMAN (DC Bar No. 230865)<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department Of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>(202) 307-2767<br>timothy.f.mellett@usdoj.gov<br>jacki.anderson@usdoj.gov<br>tharuni.jayaraman@usdoj.gov<br><br>*Admission motion forthcoming |

*Attorneys for the United States of America*

        s/James I. Pentecost
        James I. Pentecost (#11640)
        Haynes T. Russell (#036923)
        PENTECOST, GLENN & TILLY, PLLC
        162 Murray Guard Drive, Suite B
        Jackson, Tennessee 38305
        731-668-5995 (T)
        731-668-7163 (F)
        jpentecost@pgtfirm.com

        s/ Jason B. Torchinsky
        *\*Admitted pro hac vice*
        HOLTZMAN VOGEL BARAN
        TORCHINSKY & JOSEFIAK, PLLC
        2300 N Street NW

Suite 643
Washington, DC 20037
(202) 737-8808
jtorchinsky@holtzmanvogel.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record in this case.

                                                */s/ Tharuni Jayaraman*
                                                THARUNI JAYARAMAN